976 So.2d 761 (2008)
Andrew MARQUINEZ
v.
LAFAYETTE INSURANCE COMPANY, Fleet Tire Service, Inc., Transit Management of Southeast Louisiana, Inc. and Regional Transit Authority.
No. 2007-CA-0486.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2008.
Veronica E. Henry, Wilkerson & Henry, LLC, New Orleans, LA, for Transit Management of Southeast Louisiana, Inc. and Regional Transit Authority.
Stephen N. Elliott, David M. McDonald, Bernard, Cassisa, Elliott & Davis, Metairie, LA, for Lafayette Insurance Company.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from injuries resulting from the collision of a streetcar and a truck. Andrew Marquinez, a passenger on the streetcar, filed suit to recover for his *762 injuries. The Regional Transit Authority and the Transit Management of Southeast Louisiana, Inc. filed a motion for summary judgment alleging that no genuine issues of material fact existed as the truck driver made an illegal left turn in the streetcar's path. The trial court granted the motion. We find that no genuine issues of material fact exist as to fault and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Andrew Marquinez ("Mr. Marquinez") was a passenger on a streetcar, operated by Willie Rhodes ("Mr. Rhodes"), when a Fleet Tire Service, Inc. ("Fleet") truck, driven by Houston O'Neil ("Mr. O'Neil"), collided with the streetcar. Mr. Marquinez suffered injuries as a result and filed a petition for damages against Lafayette Insurance Company ("Lafayette"), Fleet's insurer, Fleet, the Transit Management of Southeast Louisiana, Incorporated ("TMSEL"), and the Regional Transit Authority ("RTA").
RTA and TMSEL filed a motion for summary judgment asserting that Mr. Rhodes was free from fault. Mr. Marquinez did not oppose the motion for summary judgment. However, Lafayette and Fleet filed an opposition. The trial court granted RTA and TMSEL's motion for summary judgment, which the trial court amended to declare the judgment as final and appealable. Lafayette and Fleet filed a timely devolutive appeal asserting that genuine issues of material exist as to Mr. Rhodes' fault.[1]

STANDARD OF REVIEW
Summary judgments are reviewed using the de novo standard of review. Henry v. S. La. Sugars Co-op., Inc., 06-2764, p. 4 (La.5/22/07), 957 So.2d 1275, 1277. "Thus, this court asks the same questions as does the trial court in determining whether summary judgment is appropriate." Id. The "mover is entitled to judgment as a matter of law," "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to material fact." La. C.C.P. art. 966(B). The mover carries the burden of proof. La. C.C.P. art. 966(C)(2). "[I]f the movant will not bear the burden of proof at trial . . . the movant's burden" is "to point out . . . an absence of factual support" for an element essential to the adverse party. La. C.C.P. art. 966(C)(2). Further, "an adverse party may not rest on the mere allegations or denials of his pleading." La. C.C.P. art. 967(B). Summary judgment will be rendered against the adverse party if he does not "set forth specific facts showing that there is a genuine issue for trial." La. C.C.P. art. 967(B).

SUMMARY JUDGMENT
Lafayette asserts that genuine issues of material fact exist as to Mr. Rhodes' and Mr. O'Neil's negligence. In support of its motion for summary judgment, RTA and TMSEL submitted the deposition of Mr. Rhodes. Mr. Rhodes testified that Mr. O'Neil made an illegal left turn in front of the moving streetcar that was already in the intersection. Lafayette and Fleet attached the depositions of Mr. Rhodes and Mr. Marquinez. Mr. Marquinez's deposition testimony does not contradict Mr. Rhodes' statement that Mr. O'Neil made an illegal left turn into the streetcar's path. Thus, Lafayette presented no countervailing *763 evidence or specific facts regarding Mr. Rhodes' alleged negligence pursuant to La. C.C.P. art. 966 and 967. Therefore, we find that Lafayette did not meet their burden of proving that genuine issues of material fact existed.

DECREE
For the above-mentioned reasons, we find that no genuine issues of material fact exist and affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] Lafayette contends that partial fault should be apportioned to RTA and TMSEL. However, the trial court's dismissal of RTA and TMSEL does not prevent Lafayette and Fleet from producing evidence in order to apportion partial fault of the accident to RTA and TMSEL at trial.